a Memorandum. — In the winter vacation, to wit: on the 19th day of January, 1841, the Honorable Richard H. Bayard having been elected to the Senate of the United States, resigned his office of chief justice of this State; and the Honorable James Booth, of New Castle, was appointed in his place on the 12th of March, 1841, and took his seat at the commencement of this term.
The plaintiff offered in evidence a deposition taken on a commission to John, Glenn, of Baltimore. It was objected to because the interrogatories were leading and excepted to as such, at the issuing of the same, and written exceptions filed. (Goslin vs.Cannon, 1 Harr. Rep. 3.)
Cullen, for plaintiff, denied that the interrogatories were leading; and said that no notice of the exceptions was. ever given to the plaintiff or his attorney.
Ridgely. — The exception was filed in the clerk's office at the time of filing the cross-interrogatories, and the clerk noted the filing of the same on the record. Mr. Cullen was bound to take notice.
Court. — By the usual practice plaintiff's counsel files his interrogatories and names his commissioner; when he takes no further step until the commission is returned executed. If exception be taken to his interrogatories it is an unusual proceeding, and he ought to *Page 318 
have notice of it that he may correct his interrogatories or abide the result of an objection to them at the trial. The practice in taking depositions is very unsettled. It has been decided that answers to leading interrogatories will be suppressed at the trial if objected to in time, so that the other party might have notice of the objection in time to correct his interrogatories. (1 Harr. Rep. 3; 224; 282.) The spirit of these decisions is not merely that exceptions should be filed, but that the other side should have notice of them. We think the fifth interrogatory leading, but cannot rule out the deposition, as it does not appear that plaintiff's counsel had notice of the objection until this time. We shall admit the deposition subject to all proper objection and remark, founded on the character of the questions.
The deposition was of S. D. Ascham, a clerk of Mr. Fitzgibbon, in Baltimore, and contained a detailed statement of the account current of Kinney. The witness swore generally that this was a true copy of the account, taken from the books of original entry; and that the several articles therein stated had been sold and delivered by Fitzgibbon to Kinney. It was admitted that notice had been given to Mr. Cullen in due time, that the production of the book of original entries would be required at the trial.
Ridgely then moved a nonsuit, on the ground that there was no legal proof of the sale and delivery; but
The Court directed him to go on to the jury, saying that they would instruct the jury that the copy of the account was not evidence against Kinney, and that the plaintiff could not recover unless he had proved by Ascham, of his own knowledge and recollection, without reference to the books of Fitzgibbon, as evidence, that each article for which a recovery is sought was sold and delivered to Kinney. The book of original entries regularly and fairly kept is admissible under our act of assembly, together with the oath of the party, as evidence in itself of the sale and delivery of goods; and as a substitute for the better evidence of actual sale and delivery of each article, by the clerk or person who delivered it. In this case two things are wanting to make this copy of the account evidence. The books are not here to be examined, and the oath of the party is wanting.
It is true, that from the great inconvenience of producing these books of foreign merchants, it is our practice to admit sworn copies as a substitute; but this is by consent, and whenever such consent is withheld, and notice given to the other side, the party must regularly *Page 319 
prove the sale and delivery of each article, or produce his book of original entries. (Craig Sergeant vs. Russel, 2 Harr.Rep. 353.)
The deponent swore that he was clerk of Fitzgibbon and book keeper; that the goods mentioned in the schedule A. B., (which was truly copied by the witness from the books of Fitzgibbon,) were sold and delivered by Fitzgibbon to Kinney, and the entries made by the witness at the dates in said schedule mentioned.
Ridgely made the question, and asked the charge of the court as to whether this was proper evidence of the sale and delivery of the goods.
1. That where the books are not relied on as evidence in themselves of the sale, a witness competent to prove the sale and delivery must swear to his own knowledge of the fact; and not merely because he finds the entry of such sale on the books. He may look at the books to refresh his memory, but for nothing else; and unless, after looking on the books, he can swear to the sale and delivery of each article from his own recollection, now refreshed by the books, the evidence is not sufficient proof. A mere copy of the account taken from the book is not evidence, though sworn to; the book itself must be produced and accompanied by the oath of the party; if this be not done, nothing short of proof of actual sale and delivery of the goods, made by a person who had personal knowledge of such sale and delivery, will enable the plaintiff to recover. 2. Suppose the sale and delivery of the goods to Kinney sufficiently proved; the next question is, have they been paid for? Several receipts have been given in evidence, in reference to one of which it is alledged by the plaintiff that there is a mistake, and that it was given by mistake, for more money than was in fact paid. As to this matter, the law is that a receipt is strong prima facie evidence of the payment to the amount it specifies on its face; but it is not conclusive; it may be contradicted; and may be shown to have been given by mistake.
The jury must judge from all the evidence, whether it is sufficient to satisfy them of the mistake in the receipt, in which case they may correct it according to the truth; otherwise they must take it to be true.
 Verdict for defendant.